IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE

MICHAEL RAY HARRIS,

    Petitioner.

                                    /

No. C 11-80261 MISC WHA

**ORDER DENYING
STAY OF TRANSFER**

On December 16, 2011, petitioner filed a petition for a writ of habeas corpus and a petition for an additional extension of stay of transfer of person in federal custody and for a stay of the recently filed habeas petition. A hearing on the petition for an additional extension of stay of transfer took place on December 20. Less than one hour before the hearing, the government submitted an opposition to the petition for stay of transfer. At the hearing, petitioner was granted permission to file a reply to the government's submission. The petitioner's reply brief has been received and reviewed.

On October 25, 2011, petitioner filed his first petition for stay of transfer before the undersigned judge. Petitioner requested a stay of 90 days. An order issued granting a stay of transfer for 28 days. On November 15, 2011, petitioner filed a second petition requesting a further stay of transfer. A hearing on the petition was held. At the hearing, Arvon Perteet, government counsel, and Valerie Stewart, Deputy Counsel for the Bureau of Prisons, objected to the petition for stay, arguing that the Court did not have jurisdiction to prevent the BOP from transferring petitioner. Ms. Stewart stated that the BOP would not likely transfer petitioner for the next month because BOP was waiting on his medical records. Based on this representation,

the Court granted a further 28 day stay of transfer, noting that there was likely no basis for jurisdiction over petitioner.

Petitioner now seeks a third stay of transfer for the "pendency of his Petition for Writ of Habeas Corpus" in order "to permit Petitioner to complete the administrative remedy process . . . and to permit him to continue to assist counsel" during the pendency of his habeas petition (Dkt. No. 13 at 1–2, 5). Petitioner has also requested a stay of the habeas petition filed in order to permit petitioner to gather additional documents. At the hearing, counsel for petitioner indicated she may no longer need a stay of the habeas petition. As such, this issue will not be dealt with in this order.

Petitioner contends that pursuant to Habeas Local Rules 2254-3(a) and (c), this Court has jurisdiction over petitioner because he is incarcerated in this District and the request is in aid of his recently filed habeas petition. On reply petitioner states that "this Court may, in the interest of efficient determination of the Habeas Petition, order Petitioner to remain within this District" (Dkt. No. 19 at 3).

This Court will not interfere with the authority of the BOP to decide where inmates are housed. *See* 18 U.S.C. 4042. Petitioner cites no authority to show that petitioner has the right to remain at his current place of incarceration or, as it is framed by petitioner's counsel, a right not to be transferred pending a disposition on his habeas petition or request for administrative relief. Neither does petitioner cite authority that bestows on him the right to have his transfer stayed in order to remain close to counsel.

Petitioner has received two 28 day stay of transfers, providing him with ample time to consult with counsel. The Court will not interfere with the decision of the BOP regarding where to house petitioner. The request for a further stay of transfer is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: December 21, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE