IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHAEL RAY HARRIS,

    Petitioner,

  v.

RANDY TEWS,

    Respondent.

No. MC 11-80261 WHA

**ORDER DENYING MOTION TO ALTER OR AMEND THE SEPTEMBER 4 ORDER AND JUDGMENT**

Under Federal Rules of Civil Procedure 59(e) and 60(b), counsel for petitioner Michael Ray Harris move to alter or amend an order and judgment filed on September 4, 2014 (Dkt. No. 45). Among other things, the September 4 order denied Harris' Section 2241 habeas petition, holding that Harris did not have a right to update his presentence report from 1990.

A short recap is needed. In 1988, the State of California sentenced Harris to twenty-five years to life for conspiracy to commit murder, as well as a consecutive three-year sentence for bodily injury. Thereafter, the United States District Court for the Central District of California issued a writ of habeas corpus ad prosequendum so that Harris could face prosecution on various federal drug charges. A jury later convicted Harris and five co-defendants on those federal charges, with co-defendants Mario Ernesto Villabona-Alvarado and Brian Bennett convicted on a "continuing criminal enterprise" charge involving Harris and others. Then, in 1990, Judge William J. Rea of the Central District of California sentenced Harris to 235 months in custody consecutive to his state prison sentence.

1    Harris has since filed a habeas petition in the instant action, claiming that he was
2    "entitled to correction of inaccuracies, outdated, and irrelevant information contained in his
3    [p]resentence [r]eport" from 1990 (Habeas ¶ 46). That petition did not explain what exactly is
4    "inaccurate" about the PSR. But in his later, supplemental declaration, Harris asserted how the
5    PSR supposedly became inaccurate in light of our court of appeals' decision, which occurred
6    five years *after* the PSR was created (Harris Decl. ¶ 10) (emphasis added):

> In my case, the PSR relies heavily on *my ostensible involvement in what was then described as a continuing criminal enterprise* (CCE). The PSR contains numerous inferences to the fact that I was involved in a CCE of five or more persons in which my activities was supervised by Villabona[-Alvarado] and Bennett. Likewise the relevant conduct assessment and putative enhancement was based in large part on the fact that this conspiracy was considered, by virtue of the CCE convictions, to be the type of criminal organization so dangerous to the safety of society as to require the most severe penalty.
>
> *Some five years after my PSR was prepared, however, the Ninth Circuit reversed the CCE conviction, dramatically altering the character of the drug activity at issue in my case. The information contained in the PSR concerning the CCE[-]related issues, however, was never excised from the PSR. The Ninth Circuit's decision reversing the CCE convictions renders many of the PSR's determinations legally unfair and insupportable characterizations of the offense such that the information being relied upon by the Case Manager now is erroneous.*

To be clear, the reversal of the CCE conviction was for Villabona-Alvarado and Bennett, and not Harris himself. *See United States v. Barona*, 56 F.3d 1087, 1096–99 (9th Cir. 1995) (reversing Villabona-Alvarado and Bennett's CCE conviction due to legally inadequate jury instructions on "continuing criminal enterprise"). Also, there was nothing inaccurate about Harris' PSR *at the time of his sentencing*. The PSR only purportedly became inaccurate after *Barona* reversed Villabona-Alvarado and Bennett's CCE conviction, which occurred five years *after* Harris was sentenced in 1990.

The September 4 order then denied Harris' habeas petition to correct his PSR, among other requests for relief. In particular, the September 4 order recognized that "[w]hile inaccuracies in the PSR may be corrected through habeas review, petitioner cites no authority that a PSR must be updated throughout a term of confinement merely because information

2

contained within the report has become stale" (Dkt. No. 45 at 7). Judgment was then entered against Harris on September 4 (Dkt. No. 46).

Now, Harris moves under Rules 59(e) and 60(b) to alter or amend the September 4 order and judgment. In his view, the September 4 order failed to mention his argument that the PSR is now inaccurate in light of *Barona*'s decision on Villabona-Alvarado and Bennett's CCE conviction. Harris thus asks that the undersigned judge amend the September 4 order and judgment "to permit correction of such inaccuracies" in his PSR and to "prevent manifest injustice . . ." (Br. 3).

The present motion is **DENIED**. For Rule 59(e), our court of appeals has instructed:

> There are four grounds upon which a Rule 59(e) motion may be granted: 1) the motion is "necessary to correct manifest errors of law or fact upon which the judgment is based;" 2) the moving party presents "newly discovered or previously unavailable evidence;" 3) the motion is necessary to "prevent manifest injustice;" or 4) there is an "intervening change in controlling law."

*Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations omitted). But none of those four grounds exists here. In determining whether Harris had a right to update his PSR, the September 4 order did consider Harris' claim that the PSR was inaccurate and outdated (among other arguments), but nevertheless held that there is "no authority for the proposition that a PSR must be updated throughout a term of confinement merely because information contained within the report has become stale" (Dkt. No. 45 at 7). To date, neither side has provided the Court with any such authority that permits a PSR to be amended in light of information that comes *after* sentencing and judgment. At most, Harris relies on *United States v. Saeteurn*, 504 F.3d 1175, 1181 (9th Cir. 2007), which addressed a PSR error that reportedly existed *at the time of the sentencing*.

Furthermore, even assuming that a district court has the authority to amend the PSR in the way that Harris now seeks, this order declines to do so based on the circumstances here. The first reason concerns the antiquity of the information at issue. At this point, the undersigned judge has no personnel or records available to shed light on this case. Harris' underlying set of events occurred over twenty years ago in a different district — *i.e.*, the Central District of

3

California, where his PSR and sentencing actually took place (and where any paper records of his case might exist, if they exist at all). Harris' counsel have not provided the necessary record to show what purported error needs correction, and indeed, it remains unclear whether Harris' PSR contains a true error. There is no argument that the PSR was somehow incorrect when it was created in 1990. The main contention now is that the PSR became outdated after our court of appeals' decision for Villabona-Alvarado and Bennett, which happened five years after Harris' sentencing. That leads to the second reason, laches. This motion, if it was to be made at all, should have been made many years earlier.

Rule 60(b) also does not aid Harris' position. In his present motion, Harris suggests that Rule 60(b)(1) applies because of the purported "mistake" in failing to consider his argument as based on *Barona*. But as discussed above, that suggestion is inaccurate. The September 4 order did consider Harris' arguments as to supposed inaccuracies with his PSR, and still held that Harris had no right to update the PSR (Dkt. No. 45 at 6). Accordingly, to the extent that Harris seeks to excise CCE-related parts from his PSR, this order finds that a motion under Rules 59(e) and 60(b) is unwarranted.

Finally, Harris contends that the conclusion of the September 4 order should omit the following two sentences:

> A certificate of appealability will not be issued. Reasonable jurists would not find 'the district court's assessment of the constitutional claims debatable or wrong.' *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Indeed, our court of appeals has held that Section 2253(c)(1) does not require a certificate of appealability before a Section 2241 petition can be heard on appeal. *Forde v. U.S. Parole Comm'n*, 114 F.3d 878, 879 (9th Cir. 1997). Nonetheless, in submitting his present motion, Harris has also filed a notice of appeal of the September 4 order, and our court of appeals has since issued a letter indicating that "[a] briefing schedule will not be set *until the court determines whether a certificate of appealability should issue*" (Dkt. No. 52) (emphasis added).

4

As such, this order declines to alter or amend the conclusion of the September 4 order, and instead reserves for our court of appeals the question of whether a certificate of appealability should issue here. Harris' present motion is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: November 10, 2014.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5